1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODERICK MAGGAY,

                    Plaintiff,

        v.

OFFICER MICKE, et al.,

                    Defendants.

Case No. 21-04994 BLF (PR)

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

        Plaintiff, who is currently confined at the Santa Rita County Jail ("Jail"), filed the
instant *pro se* civil rights action against several officers at the Jail.  Dkt. No. 1.  Plaintiff's
motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

        Plaintiff indicates that the instant action is being brought under 28 U.S.C. § 1331,
*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Dkt. No. 1 at 1.
However, *Bivens* is clearly not the appropriate grounds for this action which involves state
actors, not federal employees or their agents.  *Bivens*, 403 U.S. at 392-97.  Accordingly,
the Court will construe this action as being brought under 28 U.S.C. § 1983, which
provides for a cause of action against state actors.

///

///

United States District Court
Northern District of California

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff sues Officers Micke, Perry, and "Officers 1-8" at the Jail, as well as the Jail's "Medical Department." Dkt. No. 1 at 2.

Under Claim I, Plaintiff alleges that Officer Micke used "excessive and unnecessary" force on him when he was requesting medical attention for a gunshot wound. Dkt. No. 1 at 3. Plaintiff claims Officer Micke responded by lifting him off the floor, and chocking and dragging him by the neck, followed by slamming Plaintiff to the floor face first. *Id.* Plaintiff claims Office Micke was grinding his fist into Plaintiff's bullet wound while "yelling and screaming stop resisting" although Plaintiff was physically unable to defend or resist or protect himself. *Id.* Plaintiff claims he suffered a broken rib and bruising, as well as "psychological and mental damages and scars contributing, intensifying and worsening [his] preexisting PTSD." *Id.*

Under Claim II, Plaintiff claims the medical department failed to provide him with adequate care under the Eighth Amendment. Dkt. No. 1 at 4. Plaintiff claims he

2

complained for several days of severe breathing difficulties, bleeding wound, and severe pain which the medical department failed to address. *Id.* Plaintiff claims that an x-ray later revealed that he had broken ribs. *Id.* Plaintiff claims the failure to provide care resulted in exacerbating his injuries and pain, resulting from the bullet still remaining lodged in his back. *Id.* Plaintiff claims "this was an intentional infliction of emotional distress."

Lastly under Claim III, Plaintiff claims Officers Micke and Perry retaliated against him, causing fear, apprehension and undue stress. Dkt. No. 1 at 5. Plaintiff claims that on one occasion while returning from court, Officer Micke "engage[d] in intimidation by taunting [him]… and in general harassing and taunting." *Id.* On another day, Plaintiff claims Officer Micke came into the "unit" and stared at him and gave him "supercilious looks" and smirking for no reason. *Id.* On a third occasion, Officers Micke and Perry "accost[ed Plaintiff] in a hostile manner concerning [him] not having [a] shirt on" and then later "pulled, aimed and trained his taser and beam" on him, forcing him into the isolation tank. *Id.* Plaintiff claims he suffered psychological trauma. *Id.*

### 1.   **Excessive Force**

Plaintiff's claim that Defendant Micke used excessive force on him when he was not resisting and was suffering from a gunshot wound is sufficient to state an excessive force claim. However, it is unclear whether this incident occurred during an arrest or while in custody. If the former, then Plaintiff's claim is grounded in the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (excessive force claims arising in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994); *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment protects arrestees from use of excessive force until release or arraignment). On the other hand, the treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

3

Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

Plaintiff shall be granted leave to amend to allege sufficient facts to establish whether this excessive force claim is brought under the Fourth or Eighth Amendment by explaining his status at the time of the event. Plaintiff is also directed to provide sufficient facts regarding the incident for Defendant to answer, i.e., the date the incident took place and where it occurred. Lastly, Plaintiff must describe the type of relief he seeks.

**2.   Medical Care**

Plaintiff claims in general that the "medical department" failed to provide adequate care for his serious medical needs. *See supra* at 2-3. However, this claim is insufficient for several reasons.

First of all, although he states that the claim is brought under the Eighth Amendment, Dkt. No. 1 at 5, it is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner at the time of alleged deprivations. As with the excessive force above, *see supra* at 3-4, Plaintiff's status determines whether the deprivation of adequate medical care is analyzed under the Fourteenth Amendment or the Eighth Amendment. For prisoners, deliberate indifference to serious medical needs violates the Eighth

United States District Court
Northern District of California

4

Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A pretrial detainee, however, is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime.  *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979).  A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment.  *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell*, 441 U.S. at 535-36.  But under both clauses, an inmate bringing a failure-to-protect claim must show that the prison official acted with deliberate indifference.  *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).

Secondly, Plaintiff must identify specific individuals, e.g., a doctor, nurse, or Jail officer, who were responsible for the failure to provide constitutionally adequate medical care.  He must set forth sufficient facts explaining how and when he asked for care, and how specific individuals responded or failed to respond.  In identifying proper individual defendants, Plaintiff must keep the following legal principles in mind.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

United States District Court
Northern District of California

5

United States District Court
Northern District of California

### 3.   <u>Retaliation</u>

Plaintiff claims Defendant Micke acted in retaliation based on taunting, harassment, and "supercilious looks."  *See supra* at 30.  He also claims Defendants Micke and Perry retaliated against him when they "accost[ed]" him in a hostile manner for not having on a shirt and then forcing him into an isolation cell.  *Id.*

First of all, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *af b f'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).  Accordingly, verbal harassment alone by Defendant Micke fails to state a claim under § 1983.

With respect to Plaintiff's retaliation claim, his allegations are insufficient to state such a claim.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  First of all, assuming that being placed into an

1   isolation cell constitutes adverse action, there is no indication that Defendants took such
2   action because Plaintiff was engaged in protected conduct.  Unless Plaintiff refused to
3   wear a shirt in the exercise of his First Amendment right, which he does not allege, it does
4   not appear that Defendants took adverse against him "because of" any protected conduct.
5   Nor does Plaintiff allege that Defendants' actions chilled the exercise of his First
6   Amendment rights, and that their actions did not reasonably advance a legitimate
7   correctional goal.  Plaintiff shall be granted leave to amend to state sufficient facts to
8   support a retaliation claim, if he can do so in good faith.  Plaintiff must also provide
9   sufficient facts regarding the incident for Defendants to answer, i.e., the date the incident
10  took place and where it occurred.

### 4. Doe Defendants

        Plaintiff names "Officers 1-8" as Defendants, but nowhere in the complaint does he
describe the actions of an unidentified officer that resulted in a constitutional deprivation.

        Although the use of "John Doe" to identify a defendant is not favored in the Ninth
Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of
Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of
alleged defendants cannot be known prior to the filing of a complaint.  In such
circumstances, the plaintiff should be given an opportunity through discovery to identify
the unknown defendants, unless it is clear that discovery would not uncover their identities
or that the complaint should be dismissed on other grounds.  *See Gillespie*, 629 F.2d at
642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

        If Plaintiff wishes to include additional individual Defendants in the amended
complaint, he must at least describe the individual's actions, as well as the date and
location of the deprivation.  Plaintiff will be given an opportunity to identify them through
discovery if the Court finds the allegations are sufficient to state a cognizable claim against
unidentified Defendants.

///

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.       The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 21-04494 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.       **Failure to respond in accordance with this order in the time provided will result in this action being dismissed for failure to state a claim.**

3.       The Clerk shall include two copies of the court's **complaint** with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   ___November 10, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.21\04494Maggay_dwlta

8