United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODERICK MAGGAY,
Plaintiff,

v.

OFFICER MICKE, et al.,
Defendants.

Case No. 21-04994 BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a Federal prisoner who is currently confined at the Federal Correctional Institution at Herlong, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983[1] against several officers at the Santa Rita County Jail ("Jail"). Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to correct several deficiencies. Dkt. No. 11. Plaintiff filed an amended complaint, Dkt. No. 13, and a "Response to the Court's Order," Dkt. No. 12.

///

[1] The complaint indicated that it was being brought under 28 U.S.C. § 1331, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), but the Court construed the action as being brought under 28 U.S.C. § 1983 because only state actors were named and no federal employees or their agents were involved. Dkt. No. 11 at 1. Plaintiff has filed a response confirming that the action is brought under § 1983. Dkt. No. 12 at 1-2.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff is suing Officer Micke, Officer Perry, and "additional Defendants (to be noticed)" after he obtains information through the Freedom of Information Act. Dkt. No. 13 at 2. The underlying incident took place at the Jail, while Plaintiff was a pretrial detainee. Dkt. No. 12 at 2.

Plaintiff claims that on or about November 17, 2018, he alerted deputies through an emergency button that he was in distress from a bleeding gunshot wound which he incurred prior to his arrest; he requested medical assistance. Dkt. No. 13 at 2-3. Officers Micke and Perry responded. *Id.* at 3. Plaintiff claims that Officer Micke was "hostile and confrontational," repeatedly asking him, "'What's the fucking matter with you.'" *Id.* Plaintiff told him that he was in severe pain and insisted that he needed medical attention. *Id.* Officer Micke became "irate," then grabbed Plaintiff by the shirt and neck, lifting him off the ground and physically dragging him, chocking by the neck. *Id.* Officer Micke then slammed Plaintiff to the floor, face first, grinding his fist into Plaintiff's wound while

cuffing him. *Id.* Plaintiff claims Officer Perry assisted Officer Micke "minimally," by holding Plaintiff while being cuffed. *Id.* Plaintiff claims Officer Perry did nothing to "quell the irate excessive and unnecessary use of force by Officer Micke," despite Plaintiff yelling for help and pleas to stop. *Id.* Plaintiff claims the technician in the tech-booth as well as "at least 8 other Deputies" all witnessed this incident, but no one tried to intervene. *Id.* at 3-4. Then at least three other deputies assisted Officer Micke in placing Plaintiff in a detention cell. *Id.* at 4. Plaintiff claims these actions violated his due process rights as a pretrial detainee under the Fourteenth Amendment because they were done "maliciously and sadistically [to] cause pain." *Id.* Plaintiff seeks damages, including punitive. *Id.* at 3.

In another form "amended complaint" attached to the papers, Plaintiff claims that the Jail's medical staff showed deliberate indifference to his gunshot wound, in violation of his Eighth Amendment rights. Dkt. No. 13-4 at 2-3. Plaintiff claims he complained of severe breathing difficulties, seepage of the existing gunshot wound, and severe pain over "numerous" days, but that the medical department failed to provide him with any medical treatment, e.g., clean dressings, sufficient pain medication, or any general medical attention. *Id.* at 3. Plaintiff also claims that the medical staff misdiagnosed his injuries from the assault by Officer Micke, and that an x-ray later revealed that he had a broken rib. *Id.* at 3-4. Plaintiff seeks damages, including punitive, and injunctive relief. *Id.* at 3.

Plaintiff states that he is attempting to obtain the identities of the unknown Deputies and medical personnel who were working at the relevant time, Dkt. No. 13 at 8-9, and he seeks leave to amend his pleadings "within a reasonable amount of time" to include the additional "names/dates; [*sic*] times pertaining to the incident(s) in question." Dkt. No. 13-1 at 3.

**1. <u>Excessive Force and Failure to Protect Claims</u>**

In the screening of the complaint, the Court directed Plaintiff to provide more information with respect to his excessive force claim against Officer Micke. Dkt. No. 11 at 3-4. Specifically, Plaintiff needed to provide the date and location of the incident, as

United States District Court
Northern District of California

well as the context in which the excessive force was applied. Dkt. No. 11 at 3-4. Plaintiff's allegations in the amended complaint are now sufficient to state a cognizable excessive force claim against Officer Micke under the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)) (Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment).

Furthermore, Plaintiff's allegations are sufficient to state a failure to protect claim against Officer Perry. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068, 1070-71 (9th Cir. 2016) (en banc) (objective standard for excessive force claims brought by pretrial detainees also applies to failure to protect claims brought by pretrial detainees).

With respect to the unidentified Defendants who were also present and allegedly failed to intervene, Plaintiff shall be given an opportunity through discovery to identify the unknown defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Accordingly, once Defendants Micke and Perry are served with this matter, Plaintiff must attempt to obtain the name of unidentified Defendants through discovery (if he has not already obtained that information through other means), and then move to add their names and request that they be served. Plaintiff must provide the Court with the names of these unidentified Defendants by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in the dismissal of those unidentified Defendants without prejudice to Plaintiff filing a new action against them.

**2. <u>Medical Claims</u>**

With regards to his medical claims, Plaintiff states that he was a pretrial detainee when at the Jail. Accordingly, his medical claims are also grounded under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v, Wolfish*, 441 U.S. 520, 535-36 (1979). Furthermore, the same objective standard of deliberate indifference applicable to a failure-to-protect claim also applies to a medical care claim brought by a pretrial detainee. *See*

*Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Because he has not been able to identify specific individuals, Plaintiff names the "Alameda County Jail Medical Department" as a whole. However, his claims are clearly intended to be against specific staff members whom he made "aware" of his medical complaints. Plaintiff may also seek leave to amend to add specific individuals who are liable under the Fourteenth Amendment for unconstitutional medical care once he has obtained the names of the appropriate Defendants who were part of the medical staff at the relevant time. In moving to amend, Plaintiff must set forth sufficient facts explaining how and when he asked for care, and how each newly named Defendant responded or failed to respond.

In identifying proper individual defendants, Plaintiff must keep the following legal principles in mind. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

**3. <u>Retaliation Claim</u>**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The Court found the original complaint contained insufficient allegations to state a retaliation claim and dismissed the claim with leave to amend. Dkt. No. 11 at 6-7.

Specifically, the Court found Plaintiff failed to allege that he was engaged in protected conduct and that Defendants took adverse action against him "because of" the protected conduct, nor did Plaintiff allege that Defendants' actions chilled the exercise of his First Amendment rights and di not reasonably advance a legitimate correctional goal. *Id.* at 7.

In his "response" to the Court order, Plaintiff asserts that his allegations are sufficient to state a retaliation claim. Dkt. No. 12 at 2-3. Plaintiff claims that Officer Micke's excessive force constitutes adverse action, and that he acted because Plaintiff was exercising his First Amendment right (of free speech) in requesting medical attention under the Fourteenth Amendment, which are "protected right[s]." *Id.* at 3. Plaintiff claims being placed in an isolation cell effectively "chilled" his ability to exercise his First Amendment right of free speech and such action had no legitimate correctional goal. *Id.* Liberally construed, Plaintiff's allegations are sufficient to state a retaliation claim against Officer Micke.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. This action shall proceed with the following cognizable claims: (1) excessive force claim against Officer Micke; (2) failure to protect claim against Officer Perry; and (3) retaliation claim against Officer Micke.

The Clerk shall terminate "Medical Department" and "Alameda County Jail" from this action because the amended complaint contains no allegations against these them.

In the same time provided below for Defendants to file a motion for summary judgment or other dispositive motion, *see infra* at paragraph 4, Plaintiff shall file a motion to amend to add newly identified Defendants for his failure to protect claim and deliberate indifference to medical needs claim. With respect to the medical claims, Plaintiff must file a proposed amendment that contains specific allegations against each named Defendant as discussed above. If Plaintiff needs additional time, he must file a motion for an extension

of time stating what efforts he has made to obtain the information and why additional time is necessary.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 11, all attachments thereto, Dkt. No. 12, and a copy of this order upon **Defendants Officer Micke and Officer Perry** at the **Alameda County Santa Rita Jail (5325 Broder Blvd., Dublin, CA 94568)**.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate

United States District Court
Northern District of California

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

United States District Court
Northern District of California

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated: __April 7, 2022____________**

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.21\04994Maggay_svc