UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGGAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER MICKE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04994 BLF (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION OF CLARIFICATION; GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT; STAYING BRIEFING**<br><br>(Docket No. 24) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several officers at the Santa Rita County Jail ("Jail"). Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to correct several deficiencies. Dkt. No. 11. Plaintiff filed an amended complaint, Dkt. No. 13, which the Court found stated cognizable claims against Defendants Micke and Perry. Dkt. No. 14. The Court ordered Defendants to be served and for them to file a dispositive motion or notice regarding such motion. *Id.* Currently, only Officer Micke has appeared. Dkt. No. 21, and Defendant Perry has not. Dkt. No. 18.

Plaintiff has recently filed a "motion of clarification" regarding the allegations in his amended complaint. Dkt. No. 24. In the motion, Plaintiff states that it was Deputy **Perez** rather than Officer Perry who responded with Officer Micke on November 17, 2018.

*Id.* at 1. The Court notes that Plaintiff's amended complaint clearly indicated "Officer Perry" throughout. *See* Dkt. No. 13 at 2. The Court will construe Plaintiff's motion as seeking leave to amend and will grant it for good cause shown. Plaintiff must file a second amended complaint that identifies Defendant Perez as the appropriate party and includes the appropriate allegations.

The Court advised Plaintiff that he may move to add unidentified Defendants who were also present and allegedly failed to intervene during Defendant Micke's use of excessive force if Plaintiff is able to obtain their identities through discovery. Dkt. No. 14 at 4, 5, citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In his recent motion, Plaintiff identifies the following new Defendants: Nurse R. Hallera, Officer Han, Officer Cummings, Officer Watson, Sgt. Smitherman, Tech E. Frogier, and Tech J. Newkirk. Dkt. No. 24 at 5. However, simply providing names are not enough. Plaintiff must describe each individual's actions that resulted in the violation of his rights in connection with the underlying incident of this suit. Accordingly, Plaintiff should include these newly identified Defendants in his second amended complaint and include sufficient factual allegations to show that each of these Defendants are liable under § 1983.

In preparing a second amended complaint, Plaintiff must keep the following legal principles in mind. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

///

///

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff is granted leave to file a second amended complaint to include the information described above no later than **twenty-eight (28) days** of the date this order is filed. The second amended complaint must include the caption and civil case number used in this order, Case No. C 21-cv-04494 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint supersedes the original and the amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. Failure to respond in accordance with this order in the time provided will result in this action proceeding based on the cognizable claims in the amended complaint, as discussed in the court's initial screening order. Dkt. No. 14.

3. In light of this order, the deadline for Defendant Micke's dispositive motion is STAYED. The Court will set a new briefing schedule as is appropriate.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: ___July 14, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order granting LTA; Staying Briefing
PRO-SE\BLF\CR.21\04994Maggay_amend.compl