UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGGAY,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER MICKE, et al.,<br><br>    Defendants. | Case No. 21-cv-04994 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br><br>(Docket Nos. 31, 32) |

Plaintiff, a federal prisoner, filed a civil rights complaint in *pro se* pursuant to 42 U.S.C. § 1983, against several officers at the Santa Rita County Jail. Dkt. No. 1. Currently, Plaintiff's second amended complaint is due no later than November 15, 2022. Dkt. No. 30.

Plaintiff has filed a motion for appointment of counsel based on lack of legal knowledge, complexity of the issues, need for expert testimony, need for an investigation and discovery, the existence of conflicting testimony, and the meritorious nature of the claims. Dkt. No. 31. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to

request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  The grounds set forth for appointment of counsel do not distinguish Plaintiff from other *pro se* prisoners to constitute exceptional circumstances, and until he files a second amended complaint, it is unclear whether this matter will proceed at all.  Accordingly, the motion is DENIED without prejudice for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.  Dkt. No. 32.  However, Plaintiff was already granted IFP status early on in this action.  *See* Dkt. No. 10.  Accordingly, this recent IFP motion is DENIED as moot.

This order terminates Docket Nos. 31 and 32.

**IT IS SO ORDERED.**

Dated**:  __October 25, 2022__**

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel; Denying IFP
P:\PRO-SE\BLF\CR.21\04994Maggay_deny.atty&IFP.docx

2