UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGGAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER MICKE, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-04994 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a federal prisoner who is currently confined at the Federal Correctional Institution at Herlong, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several officers at the Santa Rita County Jail ("Jail").  Dkt. No. 1.  The Court dismissed the complaint with leave to amend for Plaintiff to correct several deficiencies. Dkt. No. 11.  The Court granted Plaintiff leave to file a second amended complaint after he filed a "motion of clarification," Dkt. No. 14, naming additional Defendants.  Dkt. No. 25. Plaintiff was advised that failure to respond in accordance with the order would result in this action proceeding based on the cognizable claims in the amended complaint, as discussed in the court's initial screening order.  Dkt. No. 14.

Plaintiff was granted three extensions of time to file a second amended complaint, with the last order giving him twenty-eight days from the date the order is filed, i.e., by

December 20, 2022. Dkt. Nos. 27, 30, 35. The deadline has long since passed, and Plaintiff has not responded. Accordingly, this matter shall proceed on the cognizable claims from the amended complaint.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

The Court found the following cognizable claims in the amended complaint:

> …Plaintiff's allegations in the amended complaint are now sufficient to state a cognizable excessive force claim against Officer Micke under the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)) (Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment).
>
> Furthermore, Plaintiff's allegations are sufficient to state a failure to protect claim against Officer [Perez].[1] *See Castro v. Cnty. of Los Angeles*, 833

---

[1] Plaintiff's "motion of clarification" indicates that the proper Defendant should be Deputy Perez, rather than Officer Perry. Dkt. No. 24. Accordingly, Officer Perez's name

2

F.3d 1060, 1068, 1070-71 (9th Cir. 2016) (en banc) (objective standard for excessive force claims brought by pretrial detainees also applies to failure to protect claims brought by pretrial detainees).

With respect to the unidentified Defendants who were also present and allegedly failed to intervene, Plaintiff shall be given an opportunity through discovery to identify the unknown defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Accordingly, once Defendants Micke and [Perez] are served with this matter, Plaintiff must attempt to obtain the name of unidentified Defendants through discovery (if he has not already obtained that information through other means), and then move to add their names and request that they be served. Plaintiff must provide the Court with the names of these unidentified Defendants by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in the dismissal of those unidentified Defendants without prejudice to Plaintiff filing a new action against them.

…

Plaintiff claims that Officer Micke's excessive force constitutes adverse action, and that he acted because Plaintiff was exercising his First Amendment right (of free speech) in requesting medical attention under the Fourteenth Amendment, which are "protected right[s]." *Id.* at 3. Plaintiff claims being placed in an isolation cell effectively "chilled" his ability to exercise his First Amendment right of free speech and such action had no legitimate correctional goal. *Id.* Liberally construed, Plaintiff's allegations are sufficient to state a retaliation claim against Officer Micke.

Dkt. No. 14 at 4, 6.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. This action shall proceed with the following cognizable claims: (1) excessive force claim against Officer Micke; (2) failure to protect claim against Officer Perez; and (3) retaliation claim against Officer Micke.

The Clerk shall terminate "Officer Perry" as a Defendant from this action and replace with the proper Defendant, "Deputy Perez."

---

throughout the amended complaint shall be stricken and replaced with Deputy Perez.

3

In the same time provided below for Defendants to file a motion for summary judgment or other dispositive motion, *see infra* at paragraph 4, Plaintiff shall file a motion to amend to add newly identified Defendants for his failure to protect claim and deliberate indifference to medical needs claim. Dkt. No. 14 at 4-5. With respect to the medical claims, Plaintiff must file a proposed amendment that contains specific allegations against each named Defendant as discussed in the Court's screening order. *Id.* If Plaintiff needs additional time, he must file a motion for an extension of time stating what efforts he has made to obtain the information and why additional time is necessary.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 11, all attachments thereto, Dkt. No. 12, and a copy of this order and Dkt. No. 14 upon **Defendant Officer Perez** at the **Alameda County Santa Rita Jail (5325 Broder Blvd., Dublin, CA 94568)**.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days

from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __January 17, 2023_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.21\04994Maggay_svc-am.compl