UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGGAY,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER MICKE, et. al,<br><br>    Defendants. | Case No. 21-cv-04994 BLF<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR DEFENDANT DEPUTY PEREZ** |

Plaintiff, a federal prisoner, who is currently confined at the Federal Correctional Institution at Herlong, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several officers at the Santa Rita County Jail ("Jail"). Dkt. No. 1. Plaintiff's complaint, Dkt. No. 11, is the operative complaint in this matter as Plaintiff failed to file a second amended complaint in the time provided by the court order filed on July 14, 2022. *See* Dkt. No. 25; Dkt. No. 36 at 1-2. On January 17, 2023, the Court ordered service of the amended complaint and directed Defendant Deputy Perez[1] to file a dispositive motion or notice regarding such motion. Dkt. No. 36 at 4. The Clerk sent a Request for Waiver of

---

[1] Plaintiff filed a "motion for clarification" in which he indicated that the proper Defendant should be Deputy Perez rather than Officer Perry. Dkt. No. 24. Accordingly, the Court ordered Officer Perry's name to be stricken throughout the amended complaint and replaced with Deputy Perez. Dkt. No. 36 at 2, fn. 1.

Service to Officer Perez at the Jail.  Dkt. No. 37.  On January 26, 2023, Defendant Micke[2] filed a Notice of Non-Service of Officer Perez, stating that "Officer Perez, and formerly designated as Officer 'Perry', is not employed by the Alameda County Sheriff's Office, nor has he been so employed since prior to when Alameda County Sheriff's Office first received the initial Request to Waive Service of Summons for 'Officer Perry' in this case."  Dkt. No. 38 at 1.  Accordingly, Defendant Perez, or "Perry," has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Perez are subject to dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m).  Plaintiff must remedy the situation by providing more information regarding Defendant Perez' identity and current whereabouts or face dismissal of his claims against this Defendant without prejudice.  *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendant Deputy Perez or sufficient identifying information** such that the Marshal is able to effect service.  If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claims against Defendant Perez shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure

---

[2] Defendant Micke was served with the amended complaint and appeared on June 21, 2022.  Dkt. Nos. 14, 21.

without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:  \_\_\_**February 7, 2023**\_\_

BETH LABSON FREEMAN
United States District Judge

4